NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDDIE LOPEZ MONTANEZ, | No. 16-56367 |
| Petitioner-Appellant, | D.C. No. 3:15-cv-00173-BTM-BLM |
| v. | |
| JEFFREY A. BEARD; XAVIER BECERRA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, Chief Judge, Presiding

Argued and Submitted November 15, 2018
Pasadena, California

Before: GOULD, PARKER,[**] and MURGUIA, Circuit Judges.

Eddie Lopez Montanez was convicted in California state court of first-degree murder on a felony-murder theory and sentenced to 26 years to life. In this habeas petition, Montanez argues that his federal due process rights were violated

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

because the jury instructions were silent as to who bore the burden of proving Montanez's duress defense. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's denial of Montanez's petition.

The California Court of Appeal adjudicated the merits of this claim when it found that any error in the jury instruction regarding the burden of proving duress was "harmless beyond a reasonable doubt" under *Chapman v. California*, 386 U.S. 18, 24 (1967), the harmlessness standard for federal constitutional errors. Therefore, our review of Montanez's claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254(d); *see Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015) (holding that the state court adjudicated the petitioner's claim "on the merits" for purposes of AEDPA where the state court assumed error under federal law and found any error harmless under *Chapman*). We review the district court's denial of Montanez's petition de novo. *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014).

The California Court of Appeal did not "appl[y] *Chapman* in an objectively unreasonable manner" in concluding that any error in the duress instruction was harmless. *Davis*, 135 S. Ct. at 2198 (internal quotation marks omitted). The court reasonably concluded that: (1) the jury instructions as a whole sufficiently informed the jury that the prosecution bore the burden on the duress defense; and (2) instructing the jury regarding this burden would not have made a difference in

2

Montanez's case because the evidence he presented in support of the duress defense was weak. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991) ("It is well established that the [allegedly erroneous jury] instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record.") (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)); Cal. Penal Code § 26 (a defendant acted under duress if he acted "under threats or menaces sufficient to show that [he] had reasonable cause to and did believe [his life] would be endangered if [he] refused"). In fact, Montanez never testified that he believed he was in immediate danger if he did not participate in raping the victim. And Montanez admitted that despite being scared of Steve Montanez ("Steve"), his brother and co-defendant, Montanez willingly spent the whole day of the incident hanging out with Steve and continued to associate with Steve after that day. Because "a fairminded jurist could agree with" the California Court of Appeal's *Chapman* determination, Montanez cannot demonstrate actual prejudice under *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). *See Davis*, 135 S. Ct. at 2199. Nor has Montanez pointed to any unreasonable factual determination made by the California Court of Appeal. *See* 28 U.S.C. § 2254(d)(2).

**AFFIRMED**.